Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 1 8 2017

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 2:17-CR-00128-10-RMP |
| vs. | Pretrial Diversion Agreement |
| FREDRICK WEIKERT, JR., | |
| Defendant. | |

Plaintiff United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney for the Eastern District of Washington, and Defendant Fredrick Weikert, Jr. ("Defendant"), both individually and by and through Bryan Whitaker, defense counsel, agree to the following Pretrial Diversion Agreement:

### I. Overview

1. In an Indictment filed on July 25, 2017, the United States charged Defendant with four counts of substantive bank fraud, in violation of 18 U.S.C. § 1344, and one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. Defendant is charged with engaging in a series of fraudulent acts in August 2016 that resulted in an actual loss of $2,778 to several banks.

Weikert Pretrial Diversion Agreement - 1

2. The United States has had an opportunity to investigate Defendant's background and circumstances and, in the interest of justice, agrees to resolve this matter by way of this Pretrial Diversion Agreement (the "Agreement").

3. The United States and Defendant agree that federal prosecution against Defendant in the Eastern District of Washington for the offenses alleged in the Indictment, and for charges arising out of the same conduct charged in the Indictment, shall be deferred for 24 months. This 24-month period begins on the date this Agreement is signed by both the parties and accepted by the Court.

4. This Agreement is not intended—and shall not be construed—as a liability admission by any party.

5. The parties agree that the Court will maintain jurisdiction over this matter and that the Court shall be the final arbiter on 1) whether a party has breached this Agreement and, if so, 2) the appropriate remedy, which may include either terminating the Agreement or modifying its terms. A modification may include extending the Agreement's 24-month period by an additional twelve (12) months (for a maximum of 36 months).

6. This Agreement is operative only if it is signed by the parties and approved by the Court on or before December 18, 2017.

## II. Terms of the Agreement

Defendant agrees to the following terms:

1. **Supervision.** Defendant agrees to be supervised by the United States Probation Office during this 24-month period (or longer, if the period is extended by the Court). Defendant's supervision terms include the following:

   a. Defendant will not violate any federal, state, or local law.

   b. If Defendant is arrested or has any official contact with a law enforcement officer in a civil or criminal investigative capacity, Defendant will notify his supervising diversion officer within three calendar days

Weikert Pretrial Diversion Agreement - 2

c. Defendant will live in the Eastern District of Washington. If Defendant seeks to move outside the District, he shall notify his supervising probation officer so appropriate arrangements may be made.

d. Defendant will report to his supervising probation officer as directed.

2. **Tolling.** Defendant agrees to toll the running of all applicable statutes of limitations for the offenses alleged in the Indictment and charges arising from conduct taking place prior to the date of entry of this Agreement. This tolling period will run from the date this Agreement is signed by all parties until the Agreement expires or is terminated by the Court. Defendant agrees that the Agreement's tolling provision does not abridge or curtail the applicable statute of limitations, but rather extends the applicable statute of limitations by the time period that the Agreement is in effect.

3. **Speedy Trial.** Defendant acknowledges that he enjoys Speedy Trial rights under both the Sixth Amendment to the United States Constitution and 18 U.S.C. § 3161 *et seq*. Defendant agrees that he will neither move the Court to dismiss any charges nor assert any defenses based on Speedy Trial violations while prosecution is deferred under this Agreement. Defendant further agrees that if this Agreement is terminated by the Court and the United States resumes prosecuting Defendant for the offenses alleged in the Indictment or conduct arising prior to the date of entry of this Agreement, any delays stemming from this Agreement are requested by him, and these delays are reasonable, necessary, and in the interest of justice under 18 U.S.C. § 3161(h)(2).

4. **Restitution.** Defendant agrees to pay $2,788 in restitution to the victims set forth in Attachment A to this Agreement.

5. **Payment Plan.** Defendant agrees to meet with his supervising probation officer and fill out any and all financial paperwork. This financial paperwork will be used by the United States Probation Office to set up a monthly restitution payment plan. Restitution payments shall be made on a monthly basis, with the first payment

Weikert Pretrial Diversion Agreement - 3

commencing 30 days after the United States Probation Office evaluates Defendant's finances and determines the proper amount of Defendant's monthly payments.

6. **Judgment.** Defendant agrees that if restitution is not paid in full by the time this Agreement expires any outstanding restitution will convert into a money judgment against Defendant, for which he will be responsible.

7. **No Collection of Payments Made.** Defendant agrees that, if the Court finds that Defendant has breached this Agreement and the Court orders the Agreement terminated, any restitution payments that Defendant has made, up to that point, will remain the property of the victims to whom they are made. If the Court determines that a breach has occurred, Defendant will not be entitled to recover or claw back any payments made prior to the date of the breach.

8. **Breach.** Defendant agrees that the United States Attorney's Office or the United States Probation Office may allege a breach of this Agreement. If, having conducted a hearing regarding an alleged breach of this Agreement, the Court concludes that Defendant has breached the Agreement and orders that the Agreement is terminated, Defendant understands that the United States may prosecute Defendant for any available charges, including not only the bank fraud and bank fraud conspiracy charges listed in the Indictment, but any other violations of federal law arising from Defendant's conduct prior to the date of entry of this Agreement, including, but not limited to, violations of 18 U.S.C. § 1001 (making false statements to a federal law enforcement officer) and 18 U.S.C. § 1028A (aggravated identity theft).

9. **No Early Termination.** Defendant agrees not to seek termination of this Agreement or his supervision prior to a date 24 months after its entry.

///
///

The United States agrees to the following terms:

1. **Inadmissibility of Pretrial Diversion in Prosecution.** If the Court terminates the Agreement and the United States proceeds to trial against Defendant, the United States agrees that neither this Agreement nor any documents filed as a result of Defendant's participation in a pretrial diversion program, including any monies paid, shall be used against him in connection with any prosecution based on the offenses charged in the Indictment or his conduct prior to the entry of this Agreement.

2. **Deferred Prosecution.** The United States agrees to defer prosecuting Defendant in the above-captioned matter for 24 months (or up to 36 months if the term of the Agreement is extended by the Court). If Defendant completes this Agreement (even if there are modifications or extensions), then the United States will dismiss the Indictment as against Defendant, with prejudice. In addition, if Defendant completes this Agreement, then the United States will not charge Defendant with any other offenses stemming from the conduct set forth in the Indictment.

Both parties agree to the following terms:

1. **Interest.** Interest on the restitution amount is waived.
2. **Payment amendments.** Defendant's monthly payment plan may be amended by the Court in the interests of justice, after a hearing at which both parties have had an opportunity to be heard.

///

///

### III. Signatures and Approval

I have read the above terms and I agree to them. I understand the conditions of my pretrial diversion under this Agreement and I agree that I will comply with them. I understand that if I do not, there will be consequences as set forth in this Agreement.

_____  12-18-17
Fredrick Weikert, Jr.                           Date
Defendant

_____  12/18/17
Bryan Whitaker                                 Date
Counsel for Defendant

_____  12/18/17
David M. Herzog                                Date
Assistant United States Attorney

This Agreement is APPROVED and ENTERED as of the date below, without the Court passing judgment on its merits or wisdom. All previously set dates in this case are vacated as to Defendant Fredrick Weikert, Jr.

_____  December 18, 2017
Hon. Rosanna Malouf Peterson         Date
United States District Judge

UNTIED STATES v. BERARDUCCI

Cause No. 17-CR-00128-RMP

## **DEFENDANT FREDRICK WEIKERT, JR.**
## **RESTITUTION**

| VICTIM | ADDRESS | AMOUNT | DEFENDANT |
|---|---|---|---|
| Ameriprise Financial | 70100 Ameriprise Financial Center<br>Minneapolis, MN 55474 | $940.00 | WEIKERT |
| Numerica | PO Box 4000<br>Spokane Valley, WA 99037 | $900.00 | WEIKERT |
| Numerica | PO Box 4000<br>Spokane Valley, WA 99037 | $938.00 | SHOVE<br>WEIKERT |
| **TOTAL RESTITUTION:** | | $2,778.00 | |

**TOTAL RESTITUTION: $2,778.00**